IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:CR-08-194**
:
**v.** :
:
**LUIS ENRIQUE TORO** :

## MEMORANDUM

Before the court is Defendant Toro's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion has been briefed and is ripe for disposition. Toro raises the following issues in his petition: (1) that the court's enhancement of his sentence for obstruction of justice and the denial of credit for acceptance of responsibility were in error; (2) that counsel was ineffective for arguing these issues before the sentencing court and on appeal; and (3) that the Government breached the plea agreement for not supporting the three point deduction for acceptance of responsibility.

**I.      Background**

On January 15, 2009, Toro pled guilty to possession with intent to distribute and distribution of crack cocaine and cocaine between October 26, 2007 and May 8, 2008, in violation of 21 U.S.C. § 841(a)(1). A presentence investigation ensued and a presentence report was prepared. This report suggested an offense level of 36 based on the amount of drugs; an enhancement of two levels for obstruction of justice; and a denial of three points for acceptance of responsibility.

Defense counsel filed objections to the presentence report as to the amount of drugs, the enhancement for obstruction of justice, and the failure to give a

three point reduction for acceptance of responsibility.  A hearing was held on the drug amount issue and the drug amount was ultimately lowered.  Defendant was sentenced to 151 months incarceration, a fine, a special assessment and a term of supervised release.

Toro took an appeal, raising the following issues: (1) the calculation of the drug weight; (2) the enhancement for obstruction of justice; (3) the failure to give a three point reduction for acceptance of responsibility; and (4) the failure to give him the benefit of the safety valve provided by USSG § 5C1.2 or 18 U.S.C. § 3553(f).  The Third Circuit Court of Appeals upheld this court's application of the obstruction of justice enhancement and the denial for acceptance of responsibility. *United States v. Toro*, 2011 WL 114591 at *9 (3d Cir. 2011).

Thus, the issues above have been resolved and the resolution is the law of this case.  Defendant's claims regarding the enhancement for obstruction of justice and the failure to credit him three points for acceptance of responsibility must fail.

## II.     Discussion
### A.     Breach of the Plea Agreement

Toro claims that the Government had an obligation to argue in Toro's behalf that he be given credit for acceptance of responsibility and that it failed to do so, thereby breaching the plea agreement.  The plea agreement provides, in part:

> Acceptance of Responsibility–Three Levels.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can

> adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

(Plea Agreement, doc. 29, at ¶ 10.)

There is a *quid pro quo* in this paragraph. The support from the Government for a reduction for acceptance of responsibility is contingent on Defendant adequately demonstrating acceptance of responsibility. This he did not do and thereby relieves the Government of its part of the bargain. The plea agreement also provides that, in the event the court concludes that Defendant breached the agreement, the "United States will be free to make any recommendation to the court regarding sentencing in this case. (*Id*. at ¶ 28(b).) In addition, the plea agreement provides, "Nor does this agreement in any way restrict the government in responding to any request by the court for . . . argument or presentation of evidence regarding the application of the sentencing guidelines to the defendant's conduct. . . ." (*Id.* at ¶ 32.)

Toro was advised by this court that any recommendation made by the Government to this court would not be binding on this court. *See United States v. Singer*, 923 F.2d 1039, 1043 (3d Cir. 1991). Toro was obligated under the plea agreement to cooperate fully with the United States (*id.* at ¶ 14) and that the Government would "provide the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses." (*Id*. at ¶ 17.) Toro falsely identified himself at the guilty plea proceeding and during the presentence investigation interviews, thus breaching the agreement himself. This left the Government free of any obligation to Toro of recommending

acceptance of responsibility. *United States v. Macon*, 91 Fed. Appx. 239, 242 (3d Cir. 2004).

### B. Incompetency of Counsel

Toro alleges that counsel at the trial level and appellate level was incompetent in not pursuing the issues of acceptance of responsibility and obstruction of justice.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of

the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

The issues of the assessment of two points for obstruction of justice and the lack of the three point deduction for acceptance of responsibility were argued by counsel before the trial court and were issues raised on appeal and were found adversely to defendant in both courts. Counsel cannot be held incompetent when counsel raised and argued issues that are ultimately found not to be in Defendant's favor.

### III.     Conclusion

For the reasons set forth herein, the motion will be denied. An appropriate order will be issued.

    s/Sylvia H. Rambo  
    United States District Judge

Dated: May 16, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:CR-08-194** |
| | : | |
| **v.** | : | |
| | : | |
| **LUIS ENRIQUE TORO** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) The Clerk of Court shall close the file.

3) This court declines to issue a certificate of appealability.

                                                          s/Sylvia H. Rambo
                                                          United States District Judge

Dated: May 16, 2011.